IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KISS NAIL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ONE TWO COSMETICS, LLC, <br><br> Defendant. | Civil Action No.: 19-cv-536 |

**COMPLAINT**

Plaintiff Kiss Nail Products, Inc. ("Kiss") for its Complaint against Defendant One Two Cosmetics, LLC ("OTC") hereby alleges as follows:

**Nature of Action**

1. This is an action for a declaratory judgment of patent non-infringement against OTC, arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Act, 35 U.S.C. §§ 101 *et seq*.

**The Parties**

2. Plaintiff Kiss is a corporation organized and existing under the laws of the State of New York, and having a principal place of business at 25 Harbor Park Drive, Port Washington, NY 11050.

3. On information and belief, OTC is a limited liability company organized and existing under the laws of the State of Florida, with a principal place of business at 23251 Mulholland Drive, Woodland Hills, CA 91364.

**Jurisdiction and Venue**

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Act, 35 U.S.C. §§ 101 et seq. Subject matter jurisdiction is proper pursuant

to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. On information and belief, this Court has personal jurisdiction over OTC. On information and belief, OTC now has, and at all times relevant hereto has had, substantial contacts with the State of New York in connection with the sale and/or offering for sale of its magnetic false eyelash products asserted by OTC to be covered by U.S. Patent No. 10,149,506 ("the '506 Patent," attached as Exhibit A to this Complaint).

6. Additionally, OTC has made objectively baseless and bad faith patent infringement threats regarding magnetic false eyelash products manufactured and distributed by Kiss, which has its headquarters in Port Washington, New York, in this judicial district, despite Kiss's having provided OTC with detailed reasons why its magnetic false eyelash products do not infringe any claims of the '506 Patent. OTC has sent multiple correspondences to Kiss in Port Washington to advise of these baseless allegations. In particular, OTC sent a cease and desist letter to Kiss at Kiss's offices in Port Washington in this judicial district.

7. On information and belief, OTC continues to assert its objectively baseless and bad faith infringement claims against Kiss's customer and distributor, Bi-Lo Distributors, Ltd. ("Bi-Lo Distributors"), with its address at 5 Hub Drive, Suite 1, Melville, New York 11747, in this judicial district. OTC's infringement allegations directed to Bi-Lo Distributors' online sales of Kiss's magnetic false eyelash products have resulted in Amazon.com's delisting Bi-Lo Distributors' sales of Kiss's products.

8. On information and belief, OTC continues to assert its objectively baseless and bad faith infringement claims against Kiss's other customers, distributors and/or retailers, including Walmart Inc., which has threatened to remove Kiss's magnetic false eyelash products from its website listings in response to OTC's threats, including in this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2). Specifically, venue is proper in New York because a substantial part of the events giving rise to the claim at issue here occurred in New York and the harm from OTC's improper conduct is suffered by Kiss in this judicial district.

**Background**

10. Kiss is a leading supplier in the beauty care business, including creating and supplying innovative products for eyelashes, hair care, and nail care to customers throughout the world, including in this judicial district.

11. Among its lines of innovative offerings, Kiss sells Magnetic Strip Lash products. The Magnetic Strip Lash products have two sets of artificial eyelashes, one for each eye. Each set has an upper lash and a lower lash. Each lash has a strip with hair strands attached thereto. Each strip also has, depending on specific product models, either two or three magnets attached thereto for ease of application to the eye: (i) a first magnet attached at one distal end of the strip; (ii) a second magnet attached at the opposite distal end of the strip; and (iii) for certain product models, an additional third magnet attached in the center region of the strip. For those product models that do not have the third magnet, only two magnets (*i.e.*, one magnet at each distal end of the strip) are present. Kiss's Magnetic Strip Lash products have enjoyed favorable reviews and acclaim from customers and commercial success in the United States and abroad. Representative packaging and other images associated with Kiss's Magnetic Strip Lash products in dispute here are attached as Exhibit B to this Complaint.

12. On December 11, 2018, the United States Patent and Trademark Office issued the '506 Patent, entitled "Non-Adhesive False Eyelash System and Method." OTC asserts that it is the owner of the '506 Patent.

13. OTC has alleged that Kiss's Magnetic Strip Lash products infringe one or more claims of the '506 Patent.

14. Kiss denies OTC's allegation that its Magnetic Strip Lash products fall under any of the claims of the '506 Patent.

## COUNT 1
## Declaration of Non-Infringement of U.S. Patent No. 10,149,506

15. Kiss repeats and realleges paragraphs 1-14 above as if set forth herein.

16. By letter dated December 21, 2018, OTC notified Kiss of the '506 Patent and alleged that Kiss's Magnetic Strip Lash products infringe one or more claims of the '506 Patent. OTC further demanded that Kiss "permanently refrain from any commercial activity" related to the Magnetic Strip Lash products. A copy of this December 21, 2018 cease and desist letter is attached as Exhibit C to the Complaint.

17. On information and belief, OTC has also alleged infringement of the '506 Patent by Kiss's customer and distributor, Bi-Lo Distributor, resulting in Amazon.com's delisting Kiss's Magnetic Strip Lash products from Amazon's online marketplace.

18. On information and belief, OTC has also alleged infringement of the '506 Patent by Kiss's customer and distributor, Walmart Inc. As a result of that correspondence, Walmart notified Kiss that it would be pulling Kiss's Magnetic Strip Lash products from its online markets and offline shelves.

19. Despite correspondence back and forth concerning OTC's baseless claims of infringement regarding the '506 Patent, the parties have not been able to resolve this dispute to-date.

20. The acts of OTC as alleged herein have created a present and actual controversy between Kiss and OTC concerning the matter of whether Kiss's Magnetic Strip Lash products infringe one or more of the claims of the '506 Patent.

21. The manufacture, use, sale, offer of sale, and importation of Kiss's Magnetic Strip Lash products, and any and all other eyelash products manufactured by Kiss, do not infringe any of the claims of the '506 Patent.

22. In particular, and without limitation, Kiss's Magnetic Strip Lash products do not infringe the '506 Patent because its Magnetic Strip Lash products do not have "three rectangular plate magnets . . . along the central region" of the eyelash strip, as required by claims 1 and 7 of the '506 Patent.

23. Furthermore, Kiss's Magnetic Strip Lash products do not have "a plurality of magnetic elements . . . along the central region" of the eyelash strip, as required by claims 2, 3, 4, 5, 7, 8, 9 and 10 of the '506 Patent.

24. Because these claim elements are missing from all of Kiss's Magnetic Strip Lash products, no infringement can be found of any claim of the '506 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Kiss respectfully requests the following relief:

(a) that the Court declare that the manufacture, use, sale, offer of sale, and importation of Kiss's Magnetic Strip Lash products, and any and all similar eyelash products manufactured by Kiss, does not infringe any of the claims of the '506 Patent;

(b) that the Court enjoin and restrain OTC from and against threatening, filing, or prosecuting any court actions or sending further cease and desist letters or other demands to any of Kiss's Magnetic Strip Lash customers/distributors, including, but not limited, to Walmart Inc., Amazon.com, and Bi-Lo Distributors;

    (c)    that the Court award Kiss its reasonable attorneys' fees, costs, and expenses; and

    (d)    such other relief as this Court may deem proper.

January 28, 2019                                    Respectfully submitted,

                                                            */s/ Eric A. Prager*
                                                            Eric A. Prager
                                                            VENABLE LLP
                                                            1270 Avenue of the Americas
                                                            New York, NY 10020
                                                            Telephone: (212) 503-9813
                                                           Facsimile: (212) 307-5598
                                                           eaprager@venable.com

                                                           Frederick C. Millett
                                                           VENABLE LLP
                                                           1290 Avenue of the Americas
                                                           New York, NY 10104-3800
                                                           Telephone: (212) 218-2100
                                                           Facsimile: (212) 218-2200
                                                           fmillett@venable.com

                                                           *Attorneys for Plaintiff Kiss Nail Products, Inc.*